UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Erique Wayne Hammond, | ) C/A No. 2:12-1128-MGL-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Corporal Jason Fernandes, and the Colleton County Sheriff Department, | ) |
| Defendants. | ) |

This civil action was filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the district court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent

1

standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**BACKGROUND**

Plaintiff, who was a pretrial detainee in the Colleton County Detention Center in Walterboro, South Carolina when he filed this Complaint, alleges that he was charged with violation of probation, possession of a stolen gun, larceny from a motor vehicle, and possession of Alprazolam. Complaint, Statement of Claim; ECF No. 1, p. 3. Plaintiff alleges that Defendant Fernandes "never found pills in my pocket" and complains that "if I was searched, why did I get charged 3 times for 1 gun [?] 1. Possession of stolen property 2. Possession of a firearm 3. Violation of probation failed to refrain from possession of a firearm." *Id.* Plaintiff alleges that "all this took place while I was being booked -n- processed in the jail." *Id.* Plaintiff alleges:

> I shouldn't be charged with it in the jail[.] If I should be charged so should the officer. I believe my 5th Amendment 9th Amendment as well as the 14th Amendment (lack of due process)[.] So I'm saying I shouldn't have the pill charge nor the contraband pistol charge. This was the fault of the Walterboro County Sheriff Department.

*Id.* Plaintiff adds that he has been in jail since March 7, 2012 and, as of April 20, 2012, had not seen a lawyer. *Id.* Plaintiff seeks $2 million and "my case [to] be dropped [and] reinstated back on probation and released to the street." Complaint, Relief; ECF No. 1, p. 4.

The Colleton County Fourteenth Judicial Circuit Public Index indicates that Plaintiff pled guilty to burglary second degree on September 1, 2011 and was sentenced to six years

under the Youthful Offender Act ("YOA"), suspended to four years probation and restitution. *See* http://publicindex.sccourts.org/colleton/publicindex/PISearch.aspx (last visited June 27, 2012).[1] Plaintiff's YOA sentence was to be terminated after he paid restitution and obtained his GED. (Indictment No. 2011-GS-15-560). However, Plaintiff was arrested on October 17, 2011, and charged with unlawful carrying of a pistol, possession of a weapon during the commission of a violent crime, and armed robbery. Those charges are still pending. (Indictment Nos. 2011-GS-15-737/738/739.) The Colleton County Fourteenth Judicial Circuit Public Index confirms, as Plaintiff alleges in his Complaint, that Plaintiff was arrested on March 7, 2012 and charged with violation of probation. Then, based on the alleged unlawful search and seizure and additional alleged unlawful arrest(s) described in the instant Complaint, Plaintiff was also charged with: larceny/breaking into motor vehicle; unlawful carrying of pistol; unlawful possession of stolen pistol; possession of contraband in municipal prison; and possession of controlled substance. (Indictment Nos. 2012-GS-15-187/188/189/190/191.) These charges are still pending.

Plaintiff filed his Complaint in this case on April 26, 2012. By order dated May 18, 2012 (ECF No. 6), the undersigned gave Plaintiff a specific time frame in which to bring the case into proper form for possible service of process. Because Plaintiff listed two mailing addresses on his Complaint and stated that he was "going up state this week," the Court's

---

[1] The undersigned takes judicial notice of Plaintiff's previous and pending state court proceedings. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

proper form order was mailed to both addresses. On June 5, 2012, the copy of the order addressed to Plaintiff at the Colleton County Detention Center was returned undeliverable. On June 21, 2012, Plaintiff submitted the necessary proposed service documents, which had been sent to his Walterboro address, to bring the case into proper form.

According to the South Carolina Department of Corrections ("SCDC") Incarcerated Inmate Search website, Plaintiff was admitted to SCDC's Turbeville Correctional Institution in Turbeville, South Carolina on June 12, 2012, to serve a four-year youthful offender sentence for burglary second degree (with a sentence start date of March 7, 2012). Thus, it appears that Plaintiff's September 2011 probationary YOA sentence was revoked, and Plaintiff is currently a state prisoner, serving an indeterminate YOA sentence not to exceed four years. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited June 27, 2012).[2]

## DISCUSSION

Plaintiff files this action pursuant to 42 U.S.C. § 1983 (*see* ECF No. 1, p. 1), which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999). To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff]

---

[2] *See* note 1.

4

of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

Plaintiff's request for release from custody on these pending charges is moot. After filing his Complaint, Plaintiff was sentenced to a four-year prison term for violation of probation and he is now serving the sentence. Moreover, a request for release from custody cannot be considered in a § 1983 civil rights action, but must be presented in a petition for a writ of habeas corpus, after state court remedies have been exhausted. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ( "Release from prison is not a remedy available under 42 U.S.C. § 1983."); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive, sole federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). It is settled law that, under the type of circumstance present in this case, claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial constraints of bond or parole or probation," are properly considered in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005).

Similarly, dismissal of state criminal charges is not an available remedy in this case. The United States Supreme Court has stated that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if

denied equitable relief.  *Id.* at 43-44 (internal citation omitted).  From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  All three criterion are clearly established in the instant case.  First, there are ongoing state judicial proceedings in this matter and important state interests are necessarily implicated.  As our Supreme Court has stated, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  Further, our Supreme Court has found "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'"  *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Principles of federalism and comity demand application of *Younger* abstention in this case, therefore, abstention is proper.  Accordingly, Plaintiff's claims for equitable relief should be summarily dismissed.

As noted above, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding.  *See, e.g., Younger v. Harris*, 401 U.S. at 44; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).  *See also Suggs v. Brannon*, 804 F. 2d 274, 280 (4th Cir. 1986)

(claim for injunctive relief against pending state criminal case could be dismissed under *Younger*, but damages claim should have been stayed); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) (§ 1983 damage claim should be stayed under *Younger* while state criminal action proceeded).

The United States Supreme Court has not directly addressed whether *Younger* abstention applies to § 1983 claims for monetary damages. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("We need not decide the extent to which the *Younger* doctrine applies to a federal action seeking only monetary relief."). In *Deakins*, the Supreme Court held that, because the state proceedings could not have awarded damages, the district court erred in dismissing the federal court plaintiffs' claim for monetary relief; however, the Supreme Court explained that the federal court should have stayed, not dismissed, the federal litigation. *Deakins*, 484 U.S. at 202, 204.

Lower courts have also held that *Younger* requires courts to stay - rather than abstain from hearing and dismiss - suits for monetary relief where the same issues are pending before a state court. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 138-39 (7th Cir. 1995); *Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988). Staying the federal action "protect[s] against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claim in state court." *Carroll*, 139 F.3d at 1075-76. Further, a stay ensures that a plaintiff who is unable to pursue damages in the parallel state proceedings can return to federal court and reassert his or her claim for damages without being time-barred. *See id.* at 1076 (observing that "a stay will protect [the plaintiff's] claims from the statute of limitations"). Moreover, staying rather than dismissing the action is consistent with the Supreme Court's

decision in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), which held that "abstention principles [apply] to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." *Quackenbush*, 517 U.S. at 719.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Supreme Court clarified that the bar in *Heck* was inapplicable in the pre-conviction setting to a monetary damages claim for false arrest, as in this case. The Court also held that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See [Heck] id.*, at 487-488, n. 8, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383.

*Wallace*, 549 U.S at 393-94.

In *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006), the Fourth Circuit held that:

> One of the principles underlying *Younger* is that it is unnecessary for a federal court to enjoin a pending prosecution or declare a statute unconstitutional because a state court may itself make either of those judgments in response to a defendant's objections during prosecution. State criminal proceedings do not, however, allow for claims of money damages by criminal defendants - such a claim is simply not available. Therefore, a "District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988).

*Nivens*, 444 F.3d at 248. In *Suggs v. Brannon*, 804 F.2d 274 (4th Cir. 1986), the Fourth Circuit also held that "*Younger* does not invariably require dismissal of § 1983 damage

8

actions" where the federal court is asked to determine issues pending before a state court; however, a stay is appropriate in such situations. *Suggs*, 804 F.2d at 279-80. In *Suggs*, the plaintiff's were employees of adult bookstores who were the subjects of multiple state prosecutions for possession with intent to distribute obscenity. *Id.* at 276-77. While their state criminal charges were pending, the plaintiff's brought civil rights actions against the police officers who investigated and arrested plaintiffs, seeking injunctive relief and damages under § 1983. *See id.* at 277-78. The plaintiffs alleged that the police officers engaged in illegal searches and seizures and a concerted campaign of threats, harassment, and bad faith enforcement of North Carolina obscenity laws, thereby denying plaintiffs due process of law in violation of their Fourteenth Amendment rights. *Id.* Chief Judge Hiram Ward dismissed the complaint pursuant to the *Younger* abstention doctrine. *Id.* at 278. The Fourth Circuit upheld Judge Ward's dismissal of the claim for injunctive relief but held that the claim for damages should have been stayed rather than dismissed. *Id.* at 279-80. The Fourth Circuit explained its ruling as follows:

> *Younger* abstention presupposes that the federal plaintiff will have an adequate opportunity to raise constitutional claims during the ongoing state proceeding. *See Craig v. Barney*, 678 F.2d 1200, 1201-02 (4th Cir. 1982). A state criminal proceeding, however, ordinarily would not address issues such as appellants' claim that they were held under excessive bond and unconstitutional bail conditions, for pretrial detention issues cannot be raised in defense of a criminal prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n. 9, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975). If the state criminal court rules that the search and seizure was unlawful, Smith could not recover damages in those proceedings. Deferring the appellants' right to institute an action for damages until the conclusion of the criminal cases might cause their claims to be barred by a statute of limitations. Thus, in order to afford plaintiffs a day in court, they should be allowed to maintain their actions for damages. *See Hanpar v. Atkinson*, 496 F.Supp. 112, 115 (E.D.Va. 1980).
>
> The appellees argue that the exercise of federal jurisdiction would result in simultaneous litigation of the same issues in which the district court's ruling

> might embarrass and interfere with the state proceedings. This need not be the case. In *Giulini v. Blessing,* 654 F.2d [189,] 193 [(2d Cir. 1981)], the court, deciding that a § 1983 damage claim is not barred by *Younger*, noted that "a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." The court then ordered that the damage claims be held in abeyance until the state court had adjudicated the relevant constitutional issues.
>
> The district court did not address the merits of the damage claim, nor do we. A stay is appropriate. If the criminal trials provide the parties with a full and fair opportunity to litigate their constitutional claims, they may then possibly assert the state court judgment to preclude either claim or defense as the case may be. But this is not the appropriate proceeding for resolving this issue. *See generally* 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4471 (1981 & 1986 Supp.).

*Id.*

Here, Plaintiff is asking this Court to make determinations identical to the determinations that must also be made by the Colleton County Fourteenth Judicial Circuit Court of General Sessions in Plaintiff's pending criminal cases. As such, proceeding in this case in federal court would result in simultaneous litigation of the same issues such that this Court's ruling would almost assuredly interfere with the pending state court proceedings. Further, a determination by the state court that the search, seizure, and arrest of Plaintiff were legal would be binding on this Court and would preclude Plaintiff from asserting that the search, seizure, and arrest were illegal in this § 1983 claim for monetary damages. *See Heck v. Humphrey,* 512 U.S. 477 (1994) (holding that a state prisoner cannot base a § 1983 action on a ground that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"). For these reasons, and because the undersigned finds that the issues presented in this claim for monetary damages are inextricably intertwined with issues presented in the pending state prosecution of Plaintiff's criminal charges, the Court

should exercise its discretion and stay Plaintiff's claim for monetary damages against Defendant Corporal Jason Fernandes, pending "ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution."  *See Traverso*, 874 F.2d at 213; *Lee v. Singleton*, C/A No. 8:11-2983-JMC-KFM, 2012 U.S. Dist. LEXIS 72463, 2012 WL 1896062 (Jan. 9, 2012) adopted by, claim dismissed by 2012 U.S. Dist. LEXIS 72245, 2012 WL 1895998 (D.S.C., May 24, 2012); *Richardson v. Union Pub. Safety Dep't Police*, C/A No. 7:10-cv-2679-JMC-JDA, 2011 U.S. Dist. LEXIS 60130, 2011 WL 2193330 (D.S.C. May 13, 2011)  adopted by, motion denied by, stay granted by, motion dismissed by 2011 U.S. Dist. LEXIS 60101, 2011 WL 2198291 (D.S.C. June 6, 2011).  The purpose of staying a federal civil action for monetary damages until the resolution of a related state criminal matter is to give the federal court the opportunity to determine whether the federal civil claim is barred by *Heck* if there is a criminal conviction.  Thus, Plaintiff's civil claim for monetary damages against Defendant Corporal Jason Fernandes should be stayed until Plaintiff's state criminal proceedings are concluded.

Plaintiff's claim for monetary damages against the Colleton County Sheriff's Department should be summarily dismissed.  "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action."  *Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th

Cir.1982). A municipality or other local government entity[3] may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 694); *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality or county for acts done by a municipal or county official or employee is obliged to "identify a municipal [or county] 'policy,' or 'custom' that caused [plaintiff's] injury." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 694). Where the alleged policy or custom is a failure on the part of the municipality to adequately train, supervise, or discipline its police officers, liability may be established only where the city's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971-72 (3d Cir. 1996) (citing cases).

In the instant case, Plaintiff alleges that Defendant Corporal Fernandes unlawfully arrested Plaintiff. Such allegation may state a cognizable claim under § 1983 against this individual Defendant. However, Plaintiff makes no allegations that Corporal Fernandes' alleged wrongful action was in furtherance of any policy, custom, or practice of the Colleton County Sheriff's Department. Plaintiff's Complaint does not allege that the Colleton County

---

[3] *See Wolf v. Fauquier County Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citing *Monell*, 436 U.S. at 694).

12

Sheriff's Department maintains a policy or custom that its officers should conduct illegal searches and seizures, or make false arrests, or that it condones such conduct by its officers. There is no allegation by Plaintiff that the Colleton County Sheriff's Department negligently hired, trained, supervised, or disciplined Corporal Fernandes in such a manner as to show deliberate indifference to the rights of persons with whom he comes into contact. In fact, Plaintiff fails to even allege that the Colleton County Sheriff's Department is the employer of Corporal Fernandes. Plaintiff alleges "[t]his was the fault of the Walterboro County ~~Police~~ Sheriff Department." Complaint, Statement of Claim; ECF No. 1, p. 3.[4] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). At most, Plaintiff's Complaint merely attributes, in purely conclusory fashion, alleged wrongful actions of Defendant Corporal Fernandes to the Colleton County Sheriff's Department. The Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept

---

[4] According to the City of Walterboro and County of Colleton websites, there is a Walterboro Public Safety (Police) Department and a Colleton County Sheriff's Department, but there is no "Walterboro County Sheriff Department" *See* http://www.walterborosc.org/Police.aspx and http://www.colletoncounty.org/department-a-services/sheriffs-office (last visited June 27, 2012). To the extent that Plaintiff's Complaint attempts to allege that either the Colleton County Sheriff's Department or the Walterboro Police Department violated his civil rights, this analysis applies to both agencies.

as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). *See also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)). Consequently, as to Defendant Colleton County Sheriff's Department, the Complaint should be summarily dismissed because Plaintiff's allegations fail to state a plausible *Monell* claim for which relief may be granted against this Defendant.

Furthermore, as noted above, a claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell*, 436 U.S. at 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Municipal and county police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. This view is in accord with the majority of courts that have addressed this issue. *See, e.g.*, *U. S. v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Gore v. Conway Police Dept.*, No. 9:08-1806-RBH , 2008 WL 2566985 (D.S.C. June 26, 2008). *But see Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003). Plaintiff's Complaint, insofar as it names the Colleton County Sheriff's Department as a Defendant in this case, fails to name a "person" subject to a § 1983 claim, and is subject to summary dismissal on this basis, as well.

## RECOMMENDATION

It is recommended that the Complaint be partially dismissed, without prejudice and without issuance and service of process. Plaintiff's claims for equitable relief, *i.e.* that his pending state criminal charges "be dropped [and that he be] reinstated back on probation and released to the street" should be summarily dismissed without prejudice, as against Defendant Corporal Jason Fernandes and as against Defendant Colleton County Sheriff's Department. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's claim for monetary damages as against Defendant Colleton County Sheriff's Department should also be summarily dismissed without prejudice, thus entirely dismissing the Colleton County Sheriff's Department as a Defendant in this case. Plaintiff's claim for monetary damages as against Defendant Corporal Jason Fernandes should be stayed until the final termination of Plaintiff's pending state court criminal proceedings, at which time Plaintiff should petition this Court to lift the stay in this action. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attention is directed to the important notice on the next page.

        s/Bruce Howe Hendricks
        United States Magistrate Judge

July 18, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).