# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Enrique Wayne Hammond, ) | |
| ) | Civil Action No. 2:12-1128-MGL |
| Plaintiff, ) | |
| ) | |
| vs ) | |
| ) | **OPINION AND ORDER** |
| Corporal Jason Fernandes, and the ) | |
| Colleton County Sheriff Department, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Enrique Wayne Hammond is a pretrial detainee in the Colleton County Detention Center in Walterboro, South Carolina. Plaintiff, proceeding pro se, filed this action on April 26, 2012 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this case was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On July 18, 2012, the Magistrate Judge filed a Report and Recommendation in which she recommended that Plaintiff's complaint be partially dismissed without prejudice and without issuance and service of process. Specifically, the Magistrate Judge recommended that Plaintiff's claims for equitable relief, *ie.*. that his pending state criminal charges "be dropped [and that he be] reinstated back on probation and released to the street" should be summarily dismissed without prejudice, as against Defendant Jason Fernandes and as against Defendant Colleton County Sheriff's Department. *See Younger v. Harris*, 401 U.S. 37 (1971). The Magistrate Judge further recommended that Plaintiff's claim for monetary damages as against Defendant Colleton County Sheriff's Department should also be summarily

dismissed without prejudice, thus entirely dismissing the Colleton County Sheriff's Department. Finally, the Magistrate Judge recommended that Plaintiff's claim for monetary damages as against Defendant Corporal Jason Fernandes should be stayed until the final termination of Plaintiff's pending state court criminal proceedings, at which time Plaintiff should petition the Court to lift the stay in this action. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

The Court has thoroughly reviewed the record. The Court concurs with the Magistrate Judge's recommendations and incorporates the Report and Recommendation herein by reference. Accordingly, Plaintiff's claims for equitable relief as to Defendant Corporal Jason Fernandes and Defendant Colleton County Sheriff's Department are summarily **Dismissed** without prejudice. Further, Plaintiff's claims for monetary damages against the Colleton County Sheriff's Department are summarily **Dismissed** without prejudice. Additionally, Plaintiff's claim for monetary damages against Defendant Corporal Jason Fernandes is **Stayed** until the final termination of Plaintiff's pending state court criminal proceedings, subject to the following conditions:

      a. Within twenty-one (21) days of the date the state court criminal proceedings have concluded, Plaintiff must file a motion asking this Court to lift the stay. *See Denton v. Hernandez*, 504 U.S. 25 (1992).

      b. If the criminal proceedings are not concluded within six (6) months of the date that this case is stayed, on August 28, 2012, Plaintiff shall file a status report indicating the expected completion date of the proceeding.

Plaintiff shall file additional status reports every six (6) months thereafter until the stay is lifted.

Plaintiff is specifically advised that failure to file timely status reports could result in sanctions, including dismissal of the case for failure to prosecute.

    **IT IS SO ORDERED.**

                                          **/s/ Mary G. Lewis**
                                          **United States District Judge**

**August 28, 2012**
**Spartanburg, South Carolina**